Allen C. Meadors, Ph.D., FACHE President, University of Central Arkansas
201 Donaghey Avenue Conway, Arkansas 72035
Dear Mr. Meadors:
I am writing in response to your request for an opinion concerning the federal Family Educational Rights Privacy Act, 20 U.S.C. § 1232g ("FERPA"), which was incorporated into the Arkansas Freedom of Information Act ("FOIA") in 2001. See
A.C.A. § A.C.A. § 25-19-105(b)(2) (Supp. 2009) (expressly exempting from the FOIA's disclosure requirements "education records" as defined in FERPA.)[1] As you know, FERPA generally provides that an education agency or institution may not have a policy or practice of releasing a student's education records, or personally identifiable information contained within those records, *Page 2 
without the prior written consent of the student's parent or parents. 20 U.S.C. § 1232g(b)(1).[2]
Your specific question concerns the disclosure of student names and any amounts a student may have received through a program at the University commonly referred to as the "Presidential Discretionary Scholarship Program." You have asked for my opinion on "whether the disclosure of student names and amounts granted under the program would be `. . . consistent with the provisions' of the Family Educational Rights and Privacy Act . . . and, therefore, permissible to disclose under the provisions of the Arkansas Freedom of Information Act."
Please note that I have enclosed a copy of an advisory letter that was issued by the Director of the Family Policy Compliance Office, on the basis of which the University should be well positioned to decide this matter. This Compliance Office is located within the United States Department of Education, the agency which Congress authorized to implement and enforce FERPA. 20 U.S.C. § 1232g(c) and (g). The Department provides advisory opinions to ensure compliance with the statutes and regulations.[3]
Determinations under FERPA must of necessity be made by the education authority in possession of the education record.E.g., Tex. Op. Att'y Gen. OR2008-06258, 2008 WL 2083896. The enclosed letter, which was solicited from the Department of Education by the University's interim president, is directly addressed to the question you have posed concerning the Presidential Discretionary Scholarship Program. I can add nothing to this letter; nor can I, in any event, definitively opine regarding FERPA. *Page 3 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Subsection 25-19-105(b)(2) is the codification ofAct 1653 of 2001. This act tailored Arkansas law to accord with FERPA by enacting the following amendment to the FOIA:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
 * * * (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
A.C.A. § 25-19-105(b)(2). The passage quoted reflects minor stylistic changes enacted by Act 763 of 2003.
[2] FERPA provides, generally, that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student or the student's parent if the student is under the age of eighteen. 20 U.S.C. § 1232g(b)(1). FERPA broadly defines the term "education records" as denoting "records, files, documents and other materials which . . . contain information directly related to a student." Id. at (a)(4)(A).
[3] Pursuant to the authority granted under subsection (c) of FERPA, the Secretary of Education has adopted regulations for implementing the Act. See 34 C.F.R. Part 99.